IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| DRIVEN, P.S.C., on behalf of NODUS INTERNATIONAL BANK, INC.<br><br>*Plaintiff*<br><br>v.<br><br>NACIONAL DE SEGUROS DE PANAMA Y CENTROAMERICA, S.A.; A Panamanian corporation; and JUAN DIEGO GOMEZ TOVAR, an individual.<br><br>*Defendants* | CIVIL CASE NO. 25-_____<br><br><br>**COLLECTION OF MONIES; BREACH OF CONTRACT; AND UNJUST ENRICHMENT** |

## COMPLAINT

TO THE HONORABLE COURT:

Plaintiff, Driven, P.S.C. ("Driven"), in its capacity of Trustee of Nodus International Bank, Inc. ("Nodus", and jointly with Driven, the "Plaintiff"), sues Defendants Nacional de Seguros de Panamá y Centroamérica, S.A. ("NASE"), and Juan Diego Gómez Tovar ("Juan Gómez", and jointly with NASE, the "Defendants"), and respectfully, alleges, states, and prays as follows:

### I.        PARTIES, JURISDICTION, AND VENUE

1.        Plaintiff Nodus is an international banking entity organized and existing under the laws of the Commonwealth of Puerto Rico, with its principal place of business at 252 Avenida Ponce de León, Citi Towers Building, Suite 1501, San Juan, Puerto Rico, 00918, represented herein by Driven P.S.C. ("Driven"). For purposes of diversity jurisdiction, Nodus is a citizen of the Commonwealth of Puerto Rico.

2.        Driven is Nodus's receiver designated pursuant to the Resolution issued by the Office of the Commissioner of Financial Institutions ("OCFI") through its commissioner Natalia Zequeira Díaz, on October 3, 2023, and subsequently amended on June 24, 2024, for the appointment of a receiver and the revocation Nodus's license.  Driven is a corporation organized and existing under the laws of the Commonwealth of Puerto Rico, Register No. 104836, with its principal place of business at T-Mobile Center, B-7 Calle Tabonuco, Suite 302, Guaynabo, Puerto Rico 00968-3028. For purposes of diversity jurisdiction, Driven is a citizen of the Commonwealth of Puerto Rico

3.        Defendant NASE is a corporation, specifically a "Sociedad Anónima", organized and existing under the laws of the Republic of Panamá. Its principal office is located in Avenida Balboa, BICSA Tower, 38th Floor, Panamá City, Panamá.  For purposes of diversity jurisdiction,

NASE is a citizen of the Republic of Panamá.

4.    Defendant Juan Gomez is a citizen of the Bolivarian Republic of Venezuela and resident of Panama and is the president of NASE.  For purposes of diversity jurisdiction, Juan Gomez is a citizen of Venezuela.

5.    This Court has jurisdiction over certain causes of action alleged herein pursuant to 28 U.S.C. § 1332(a)(1) ("diversity jurisdiction") because there is complete diversity of citizenship in the relevant causes of action between Plaintiff, a citizen of the Commonwealth of Puerto Rico, and Defendants NASE and Juan Gomez, who are citizens of the Republic of Panamá and Venezuela, respectively. Further, Jurisdiction is proper pursuant to 28 U.S.C. § 1332(a), as this is an action for damages exceeding $75,000.00, excluding interest, costs, and attorney's fees.

6.    Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) & (2), because a substantial part of the events giving rise to the claim occurred in this District.

## II.    GENERAL ALLEGATIONS

### A.    Creation of the Trust.

7.    On or about February 4, 2022, Nodus, NASE and ILH Trust (Panama), Inc., entered into a Trust Agreement and created a trust known as the "ILH Trust FID 00112" (the "Trust"). A true, correct, legible, and executed copy of the Trust Agreement is attached hereto as **Exhibit A.**

8.    The Trust Agreement named Nodus as the Trust's creditor beneficiary, NASE as the Trust's debtor settlor, and ILH Trust (Panama), Inc. as the Trust's trustee.

9.    Under the Trust Agreement, NASE irrevocably transferred in Trust to ILH Trust (Panama), Inc., as trustee, a total value of $10,079,086.70 in U.S. Treasury securities.

10.    On or about February 25, 2022, Nodus, and NASE executed a First Addendum to the ILH FID 00112 Trust (the "First Trust Addendum"). A true, correct, legible, and executed copy of the First Trust Addendum is attached hereto as **Exhibit B.**

11.    The First Trust Addendum provides that NASE, as debtor settlor, will increase the amount of collateral in the Trust by $4,500,000.00, thereby guaranteeing banking products granted by Nodus with US Treasury securities or other securities of similar liquidity for a total value of $15,306,446.23.

12.    On or about May 24, 2022, Nodus and NASE executed a Second Addendum to the ILH FID 00112 Trust (the "Second Trust Addendum"). A true, correct, legible, and executed

copy of the Second Trust Addendum is attached hereto as **Exhibit C.**

13.    The Second Trust Addendum provides that the collateral will consist of a total of $11,000,000.00, with the remainder of the $15,306,446.23 to be transferred to NASE's account once the trustee has accredited all of the obligations incurred through the Trust Agreement and its addendums, including the expenses and fees owed to the trustee.

**B.    The First Loan.**

14.    On or about December 7, 2021, Nodus and NASE executed a Commercial Loan Agreement (the "First Loan Agreement"), and NASE signed a Bank Promissory Note with Nodus for the amount of $6,000,000.00 (the "Note") (together the "First Loan"). A true, correct, legible, and executed copy of the First Loan Agreement and the Note is attached hereto as **Exhibits D** and **E.**

15.    The First Loan was secured in the amount of $10,079,086.70 with the collateral held in the Trust.

16.    On the same day, Juan Gomez executed a Continuous, Joint and Unlimited Personal Guarantee (hereinafter, the "First Guarantee"), by which he jointly and severally guaranteed the payment of all of NASE's present and future obligations to Nodus. A true, correct, legible, and executed copy of the First Guarantee is attached hereto as **Exhibit F.**

17.    Under the First Loan Agreement, NASE committed to pay the First Loan through 36 consecutive monthly interest payments at a rate of 9% on a 360-day basis, and twelve quarterly principal payments of $500,000.00, beginning on January 7, 2022, and ending on or before December 7, 2024.

18.    All payments identified and credited to the First Loan were made solely through Nodus' account at Atlas.

**C.    The Second Loan.**

19.    On February 22, 2022, Nodus and NASE executed a Commercial Loan Agreement (the "Second Loan Agreement"), and NASE signed a Bank Promissory Note with Nodus for the amount of $4,500,000.00 (the "Note") (together the "Second Loan"). A true, correct, legible, and executed copy of the Second Loan Agreement and the Note are attached hereto as **Exhibits G** and **H.**

20.    The Second Loan was secured in the amount of $15,306,446.23 with the collateral held in the Trust.

21.     On the same day, Juan Gomez executed a Continuous, Joint and Unlimited Personal Guarantee (hereinafter, the "Second Guarantee"), by which he jointly and severally guaranteed the payment of all of NASE's present and future obligations to Nodus. A true, correct, legible, and executed copy of the Second Guarantee is attached hereto as **Exhibit I.**

22.     Under the Second Loan Agreement, NASE committed to pay the Second Loan through 36 consecutive monthly interest payments at a rate of 9% on a 360-day basis, and twelve quarterly principal payments of $375,000.00, beginning on March 22, 2022, and ending on or before February 22, 2025.

23.     All payments identified and credited to the Second Loan were made solely through Nodus' account at Atlas..

**D.      Atlas Bank's Liquidation and False Accounting Entries.**

24.     On October 24, 2022, the Insurance and Reinsurance Superintendency of Panama, Panama's insurance industry regulator, notified the public that it had taken administrative and operative control of NASE.

25.     A total of $10,746,594.50 in payments for the First and Second Loans were recorded in Nodus's account with Atlas Bank, a Panamanian bank. There is no evidence that these payments were ever made.

26.     On September 15, 2023, due to Atlas Bank's insolvency, the Superintendency of the Bank of Panama, Panama's banking regulator, issued Resolution SBP-BAN-R-2023-01296 (the "Atlas Resolution"), by which: (i) it ordered the takeover of administrative and operational control of Atlas Bank; (ii) ordered the suspension of all banking operations of Atlas Bank, and (iii) appointed Mr. Jaime De Gamboa as interim administrator of Atlas Bank.

27.     On information and belief, Atlas Bank's liquidator determined that the records of transactions at Atlas Bank were not supported by cash inflows.

28.     In view of the above, the payments for the First and Second Loans were false accounting entries, and no cash payments were recorded.

29.     None of the Defendants have made any payments to satisfy the First and Second Loans.

30.     Under the Loan Agreements, the Defendants waive all notice requirements.

31.     According to Driven's analysis, the First and Second Loans currently retain an unpaid balance of $11,283,924.23, which is due and owing to Nodus. A true, correct, legible, and

executed copy of Driven's analysis of the First and Second Loans is attached hereto as **Exhibit J.**

32.    Thus, NASE, as debtor; and Juan Gomez, as joint and several guarantor, currently owe Nodus a total of $11,283,924.23, excluding prejudgment interest.

## CAUSES OF ACTION

**FIRST CAUSE OF ACTION: BREACH OF CONTRACT  AND COLLECTION OF MONIES**
*First Loan- Against All Defendants*

33.    Plaintiff incorporates by reference, restates, and reasserts the allegations contained in paragraphs 1 through 31, as if fully recited herein.

34.    Under Article 1158 of the Civil Code, a party who breaches an obligation must indemnify the damages caused by said breach. 31 L.P.R.A. § 9303. This duty to indemnify extends to both actual damages and loss of future earnings which are foreseen or foreseeable from the date of the agreement. 31 L.P.R.A. § 9331 & 9332.

35.    Furthermore, under Article 1159 of the Civil Code, "[p]ersons obliged to deliver or to do something are in default from the moment when the creditor demands the fulfilment of their obligation, judicially or extrajudicially." 31 L.P.R.A. § 9311; *see also* 31 L.P.R.A. § 8981 ("[a] creditor . . . has a credit right to demand compliance.").

36.    On December 7, 2021, NASE entered into the First Loan Agreement with Nodus, promising to repay the First Loan by December 7, 2024.

37.    Nodus provided a $6,000,000.00 loan to NASE per the First Loan Agreement.

38.    Juan Gomez guaranteed the First Loan and is jointly and severally liable for its payment.

39.    NASE, as debtor; and Juan Gomez, as joint and several guarantor, have defaulted on their payment obligations under the First Agreement, the First Guarantee, and the other loan documents referred to above.

40.    As of today, the First Loan remains unpaid and outstanding, with $6,333,939.15, excluding pre-judgment interest, due and owing to Nodus.

41.    Nodus has been damaged accordingly.

42.    As a result, Plaintiff is entitled to recover the balance of $6,333,939.15, plus pre-judgment interest, costs, expenses, attorneys' fees, and costs for failure to comply with the First Loan from all Defendants.

**SECOND CAUSE OF ACTION: BREACH OF CONTRACT AND COLLECTION OF MONIES**
**(Second Loan – Against all Defendants)**

43.     Plaintiff incorporates by reference, restates, and reasserts the allegations contained in paragraphs 1 through 41, as if fully recited herein.

44.     On February 22, 2022, NASE entered into the Second Loan Agreement with Nodus, promising to repay the Loan by February 22, 2025.

45.     Nodus provided a $4,500,000.00 loan to NASE per the Second Loan Agreement.

46.     Juan Gomez guaranteed the Second Loan and is jointly and severally liable for its payment.

47.     NASE, as debtor; and Juan Gomez, as joint and several guarantor, have defaulted on their payment obligations under the Second Agreement, the Second Guarantee, and the other loan documents referred to above.

48.     As of today, the First Loan remains unpaid and outstanding, with $4,949,985.08, excluding pre-judgment interest, due and owing to Nodus.

49.     Nodus has been damaged accordingly.

50.     As a result, Plaintiff is entitled to recover the balance of $4,949,985.08, plus pre-judgment interest, costs, expenses, attorneys' fees, and costs for failure to comply with the Second Loan from all Defendants.

**THIRD CAUSE OF ACTION: COLLECTION OF MONIES**
**(First Loan – Against Juan Gomez)**

51.     Plaintiff incorporates by reference, restates, and reasserts the allegations contained in paragraphs 1 through 49, as if fully recited herein.

52.     On December 7, 2021, Nodus provided a $6,000,000.00, First Loan to NASE.

53.     NASE promised to repay the First Loan by December 7, 2024.

54.     Defendant Juan Gomez guaranteed NASE's debt to Nodus and acknowledged his own debt to Nodus by entering into the First Agreement, and/or by guaranteeing the First Loan.

55.     Defendant Juan Gomez never repaid the First Loan to Nodus.

56.     The debt owed Nodus, as of today, is $6,333,939.15, excluding pre-judgment interest.

57.     Nodus has been damaged accordingly.

58.     As a result, Plaintiff is entitled to recover the balance of $6,333,939.15, plus pre-judgment interest, costs, expenses, attorneys' fees, and costs for failure to comply with the First

Loan from Juan Gomez, who guaranteed the same.

### FOURTH CAUSE OF ACTION: COLLECTION OF MONIES
#### (Second Loan – Against Juan Gomez)

59.     Plaintiff incorporates by reference, restates, and reasserts the allegations contained in paragraphs 1 through 56, as if fully recited herein.

60.     On February 22, 2022, Nodus provided a $4,500,000.00 Second Loan to NASE.

61.     NASE promised to repay the Loan by February 22, 2025.

62.     Defendant Juan Gomez guaranteed NASE's debt to Nodus and acknowledged his own debt to Nodus by entering into the Second Agreement, and/or by guaranteeing the Second Loan.

63.     Defendant Juan Gomez never repaid the Second Loan to Nodus.

64.     The debt owed Nodus, as of today, is $4,949,985.08, excluding pre-judgment interest.

65.     Nodus has been damaged accordingly.

66.     As a result, Plaintiff is entitled to recover the balance of $4,949,985.08, plus pre-judgment interest, costs, expenses, attorneys' fees, and costs for failure to comply with the Second Loan from Juan Gomez, who guaranteed the same.

### FIFTH CAUSE OF ACTION – UNJUST ENRICHMENT
#### (First Loan – Against NASE, in the alternative)

67.     Plaintiff incorporates by reference, restates, and reasserts the allegations contained in paragraphs 1 through 64, as if fully recited herein.

68.     Under Puerto Rico law, a defendant is unjustly enriched if there is the "(1) existence of enrichment; (2) a correlative loss; (3) nexus between loss and enrichment; (4) lack of cause for enrichment; and (5) absence of a legal precept excluding application of enrichment without cause." *Montalvo v. LT's Benjamin Recs., Inc.*, 56 F. Supp. 3d 121, 136 (D.P.R. 2014) (citing *Hatton v. Municipality of Ponce*, 134 D.P.R. 1001, 1010 (1994)).

69.     On December 7, 2021, Nodus provided a $6,000,000.00, First Loan to NASE.

70.     NASE was aware of, and willingly accepted the $6,000,000.00 provided by Nodus.

71.     NASE improperly retained and did not repay neither First Loan to Nodus and was enriched accordingly.

72.     NASE had no right to retain the $6,000,000.00 loan without compensating Nodus.

73.     Nodus has been damaged accordingly.

**SIXTH CAUSE OF ACTION – UNJUST ENRICHMENT**
**(Second Loan – Against NASE, in the alternative)**

74.     Plaintiff incorporates by reference, restates, and reasserts the allegations contained in paragraphs 1 through 71, as if fully recited herein.

75.     On February 22, 2022, Nodus provided a $4,500,000.00, Second Loan to NASE.

76.     NASE was aware of, and willingly accepted the $4,500,000.00 provided by Nodus.

77.     NASE improperly retained and did not repay the Second Loan to Nodus and was enriched accordingly.

78.     NASE had no right to retain the $4,500,000.00 loan without compensating Nodus.

79.     Nodus has been damaged accordingly.

24. **JURY TRIAL DEMAND**

Plaintiff demands a trial by jury on all matters so triable.

i.      **WHEREFORE, Nodus International Bank, Inc.** respectfully requests that this Court enter judgment against Nacional de Seguros de Panamá y Centroamérica S.A., and Juan Diego Gomez Tobar, and grant the following relief:

An award of damages of no less than $11,283,924.23, corresponding to the amount due and payable under the First and Second Loan Agreements;

ii.     An award of prejudgment interest;

25. iii.  An award of reasonable attorney's fees pursuant to the Loan Agreements; and

26. iv.  Any other relief this Court deems just and proper.

In San Juan, Puerto Rico, on this 7th day of February, 2025.

Ferraiuoli LLC
250 Muñoz Rivera Avenue
6th Floor
San Juan, PR 00917
P.O. Box 195168
San Juan, PR 00918
Telephone: (787) 766-7000
Facsimile: (787) 766-7001


*/s/ Jaime A. Torrens-Dávila*
Jaime A. Torrens-Dávila
USDC-PR 223810
jtorrens@ferraiuoli.com

*/s/ Sonia E. Colón*
Sonia E. Colón

USDC-PR No. 213809
scolon@ferraiuoli.com


-and-

DIAZ REUS & TARG, LLP
100 Southeast Second Street, Suite 3400
Miami, Florida 33131
Telephone: (305) 365-9220

By:*/s/ Michael Diaz, Jr.*
Michael Diaz, Jr. (Florida Bar No. 606774)
Attorney Email: mdiaz@diazreus.com
(*Motion for Pro Hac Vice Admission Pending*)
Marta Colomar Garcia (Florida Bar No. 40869)
Attorney Email: mcolomar@diazreus.com
(*Motion for Pro Hac Vice Admission Pending*)
Gabor Gazso von Klingspor (Florida Bar No. 1058977)
Attorney Email: ggazso@diazreus.com
(*Motion for Pro Hac Vice Admission Pending*)

*Counsel for Plaintiff Nodus International Bank, Inc.*